THIBODEAUX, Chief Judge, dissenting.
The erroneous jury instruction in this case is not harmless. The majority acknowledges that a conviction for attempted manslaughter requires proof of specific intent to kill. Specific intent to inflict great bodily harm is not an element of attempted manslaughter. The jury was erroneously instructed, and the instruction, in my view, was not harmless.
The jury requested a second instruction on attempted manslaughter. The initial error was duplicated. The jury was again instructed that "[m]anslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm." The clear inference is that the jury was confused by the initial instruction. After the second instruction, the jury deliberated for an hour before returning the responsive verdict of attempted manslaughter.
It is factually undisputed that Mr. James had multiple stab wounds ; it is equally undisputed that he had severe road rash. James denied knowing how he received the injuries and denied even knowing Frinks. The testimony was somewhat ambivalent on whether James was pushed or had fallen from a moving vehicle. The evidence was also inconclusive with regard to whether the more serious injuries were caused by the stabbing as opposed to James jumping from a moving vehicle.
I would reverse the conviction and remand for a new trial.
*653 For the foregoing reasons, I respectfully dissent.